
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/09/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ENRIQUE ARENCIBIA,

                    Plaintiff,

      -v-

URBAN PATHWAYS, INC., et al.,

                    Defendants.
------------------------------------------------------------------------X

15-CV-6476 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

On December 1, 2015, Defendant Grand Central Neighborhood Social Services Corporation ("Grand Central") filed a motion seeking a protective order under Rule 26(c) of the Federal Rules of Civil Procedure barring disclosure of the "findings" section of an internal investigation report. (Docket No. 16). Upon review of the parties' submissions, the motion is DENIED. Grand Central argues that the findings section of its internal investigation report should be protected under the self-critical analysis privilege. As an initial matter, the very existence of that privilege is in doubt. In *University of Pennsylvania v. EEOC*, 493 U.S. 182 (1990), the Supreme Court rejected a sister privilege, one protecting peer reviewed materials generated by a university. And since that decision, several courts in this Circuit have expressed doubts about whether the self-critical analysis privilege should be recognized at all. *See, e.g.*, *Troupin v. Metro. Life Ins. Co.*, 169 F.R.D. 546, 549 (S.D.N.Y. 1996) (noting that the privilege the Supreme Court rejected in *University of Pennsylvania* was "based largely on the same policy considerations as the self-critical analysis privilege"); *see also Cruz v. Coach Stores, Inc.,* 196 F.R.D. 228 (S.D.N.Y. 2000). Neither the Supreme Court nor the Second Circuit has ever

endorsed the privilege. *See Franzon v. Massena Mem'l Hosp.*, 189 F.R.D. 220, 223-24 (N.D.N.Y. 1999).

In any event, even if the self-critical analysis privilege does exist, Grand Central's motion would still fail. "At a minimum, the party invoking the privilege must demonstrate that 'the information . . . result[ed] from a critical self-analysis undertaken by the party seeking protection; [that] the public [has] a strong interest in preserving the free flow of the type of information sought; [and that] the information [is] of the type whose flow would be curtailed if the discovery were allowed.'" *Mitchell v. Fishbein*, 227 F.R.D. 239, 252 (S.D.N.Y. 2005) (quoting *Wimer v. Sealand Serv., Inc.*, 96 Civ. 8730 (KMW) (MHD), 1997 WL 375661, at *1 (S.D.N.Y. July 3, 1997)). Grand Central has failed to establish the final element — that disclosure would threaten to chill future evaluations of the kind at issue here. As another court in this Circuit has explained, in most cases an organization "has an obvious economic interest in engaging in self-evaluations of employee misconduct: it hardly needs the additional protection of a shield of privilege to investigate its own employees' alleged derelictions. . . . The public interest would hardly be served by cloaking the fruits of those inquiries with privilege simply on the ground of encouraging [the organization] to make an inquiry that it necessarily would have made in any case." *Cruz*, 196 F.R.D. at 232. Grand Central provides no reason to reach a different conclusion in this case, so its motion is DENIED and it is ORDERED to provide Plaintiff with an unredacted copy of its internal investigation report by December 11, 2015.

The Clerk of Court is directed to terminate Docket No. 16.

SO ORDERED.

Dated: December 9, 2015
New York, New York

_____
JESSE M. FURMAN
United States District Judge